### Carroll v. Carroll.

An executor, to whom the testator had given power to sell his real estate for the payment of debts and legacies, and for the division of the balance among the devisees named in the will, by his acts held himself out to the devisees as engaged in winding up the estate, and discharging claims that would be prior to theirs;.

*Held*, that while he was doing, or professing to do, this, the statute of limitations could not run against them who had no rights as against him, until those prior claims were paid.

*Held*, also, that every new act of his, in raising money as executor, out of the estate, to pay the debts, was an acknowledgment of his continuous acting as executor, and his continued and unbroken liability as executor.

*Held*, further, that executing mortgages in the character of executor, upon a part of the estate, reciting the power for that purpose given him in the will, and alleging that it was "for the purpose of raising funds to pay off and discharge existing debts and liabilities upon and against the estate of the testator," were acts of this description.

If lands are sold by an executor, under a power for that purpose, contained in a will, to pay debts, a devisee who has an interest in the residue has a right to an account from the executor, of what the debts of the testator were and of what amount of personal estate has been received by the executor to pay those debts, that he may know whether such sales are valid; and, if valid, whether he is entitled to any; and, if so, how much of the money raised thereby.

In Equity. The bill was filed in December, 1846, in the Court of Chancery, by the complainant, one of the heirs,

legatees, and next of kin, of Charles Carroll, deceased, against the executor, Charles H. Carroll, to obtain a full account of the testator's personal estate, the disposition thereof by the executor, the moneys received by him from the real estate, and what dispositions he had made of them; and a general account of the defendant's transactions as executor; and that the moneys due from him to the estate might be distributed among the parties entitled thereto. The bill set out the will of Charles Carroll, made the 14th of September, 1823, containing devises and legacies to his wife, and children, of whom the complainant was one, and appointing the defendant, one of the testator's sons, his sole executor, with full power to sell and dispose of all or any part of the real estate, or to lease or mortgage it, for the payment of the debts and legacies, and for the equal division of the balance among the testator's seven children, should a sale for the latter purpose be deemed necessary and proper by the executor; but the bequests to his children were not to be apportioned among them until the sum of $10,000 was taken out for the executor, and the same amount for the testator's wife, nor until all the testator's just debts should be provided for and paid out of his estate. The bill further stated the death of the testator, in October, 1823; that in 1824 letters testamentary were issued to the defendant, who took upon himself the duties of such executor, and took possession of all the personal estate of the testator, and of all his real estate, and had ever since acted, and at the time of filing the said bill was still acting, as the executor of the estate of the said testator, under the provisions of his will. The bill also showed that in March, 1838, the defendant, describing himself as executor of the last will and testament of Charles Carroll, and reciting the power of sale, leasing and mortgaging, contained therein, made two conveyances, in the nature of a mortgage, to the Farmers' Loan and Trust Company, for $43,000; and this was alleged, in these instruments, to be "for the purpose of raising funds to pay off and discharge existing debts and liabilities upon and against the estate of the said testator."

The defendant demurred to the bill, alleging various grounds of demurrer to different parts of the bill, but relying mainly upon the statute of limitations.

*B. F. Butler*, and *G. Wood*, for the plaintiff.

*C. P. Kirtland*, for the defendant.

*Edmonds, J.:* Where the defense clearly appears from the face of the bill, the statute of limitations may be set up on demurrer, but where any thing is averred in the bill which would take the case out of the statute, the defense can be available only by plea or answer; and for this simple reason, that as a demurrer to the whole bill admits all the facts stated in it, it necessarily admits, as well, those which take the case out of the statute as those which bring it within it.

Such is this case, for if on the one hand the bill admits that letters testamentary were issued to the defendant, in 1824, whereby a cause of action accrued in 1825, it also admits that in 1838 the defendant executed two deeds, out of which grew also a cause of action, and that defendant, as executor, was at the time of filing this bill in possession of all the devised property, and acting still as executor, out of which also a cause of action accrued. The cause of action growing out of the deeds of the land could, in no sense, be said to have arisen until those deeds had been executed, and that was within ten years of the commencement of the suit. Another cause of action, as to the rents and profits, growing out of the defendant's possession, down to the commencement of the suit, is a continuing one, and if the bar of the statute is good as to a portion of those rents and profits, it is manifest that as to part of them it is not good. So that even if the bar of the statute be good as to the personal property, by reason of the cause of actions having arisen in 1825, the manner in which the defendant has set up his defense will not allow him the benefit of it, without also overruling two causes of action, which, as it now appears, are not barred by the statute.

Carroll v. Carroll.

I do not mean to say that the statute is a good bar as to the personalty. It is not necessary for me to decide that, for even if it be good it cannot be allowed on this demurrer, because it would carry along with it, into the power of the statute, two causes of action which are exempt from it.

The demurrer, so far as it rests on the statute of limitations, must be overruled.

The next objection taken on the argument relates to the vagueness and uncertainty of the bill.

The uncertainty which is available on demurrer, is that which does not not distinctly inform the defendant of the nature of the case which he is called upon to meet, and will not enable the court to ascertain what relief the party is entitled to. No such objection can be taken to this bill. It is sufficiently definite for the information of the defendant, and the court, and if there are any averments so vague that the defendant may not know how to answer, they are of such a character that defendant can have the full benefit of his objection, in his answer and exceptions to it, if any be taken, and are not of such a nature as to affect the general frame of the bill or impair its cause of action.

In this respect, also, the demurrer must be overruled.

The remaining objection taken on the argument relates to multifariousness.

The general object of the bill is to have an account from the defendant of his executorship of his father's estate, and to correct any wrong that he may have committed as such.

So far as he is concerned it is sufficiently single, and he cannot object that, as to him, it is multifarious; and if it had not been for the deeds and mortgages he executed, there would be no pretense for this objection. Having given them, as he claims, under the power given him by the will, and in execution of it, if the plaintiff meant to affirm them, the objection would not apply, for still the single purpose of the bill would be to call the defendant to an account.

The plaintiff had a right to frame his bill, in respect to those lands, in a double aspect — either to vacate the deeds

and mortgages, or to have his share of the avails of them. In aiming to vacate the deeds, it was of course necessary for him to implead as parties those who claimed under them, and the multifariousness, if any, arises from the fact of his having framed his bill in this double aspect as to those lands.

It was claimed, on the argument, that the bill had not such double aspect; that it did not ask an account of the avails of those deeds and mortgages, but merely sought to set them aside, and therefore it was urged that it was multifarious, and after all, the objection was reduced to that single point, and depends on that fact.

In this respect the counsel was mistaken; the bill does ask an account of the moneys which the defendant received under those deeds and mortgages. It asks that as specifically and as clearly as it asks any thing, and the whole objection necessarily falls to the ground.

The plaintiff is entitled to the account he asks for; that account is of the whole executorship, and necessarily involves all the transactions connected with it, and as necessarily brings in as parties those who claim an interest under any act done by the defendant as such. There is no view of multifariousness which I can take, which would enable me to bring such a case within its scope.

The judgment must therefore be for the plaintiff, overruling the whole demurrer.

[This judgment was affirmed on appeal. *See* 11 Barb. 293.]